# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

ANNE BRADLEY,
    Plaintiff,

v.

MICHAEL LAWLOR, ET AL.,
    Defendants.

CIVIL ACTION NO.
3:08cv750 (SRU)

# ORDER

On May 15, 2008, Anne Bradley sued several individuals, including judges, prosecutors, and defense attorneys, in relation to criminal proceedings currently pending against her in the Connecticut state courts. She states federal civil rights claims as well as claims under the First, Fourth, Sixth, Eighth, Ninth and Fourteenth Amendments to the Constitution of the United States.

In her complaint, Bradley asserts claims premised on alleged mistreatment she has suffered during her criminal prosecution in state court, and asks for equitable relief including enjoining that pending prosecution. The Supreme Court of the United States has made clear that "in view of the fundamental policy against federal interference with state criminal prosecutions," federal courts should not enjoin state criminal proceedings without a showing of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). "Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Id.*

Although exceptions to the *Younger* abstention doctrine exist where a plaintiff makes a

showing of bad faith, harassment or other unusual circumstances, *id.* at 54, federal courts have rarely applied those exceptions. *See*, *e.g.*, *Zalman v. Armstrong*, 802 F.2d 199, 205–06 (6th Cir. 1989) (holding that, where attorney had failed to utilize statutory and constitutional measures available under Nevada law to cure alleged bias of Nevada Supreme Court, it could not be determined whether there were "exceptional circumstances" that would allow district court to enjoin disciplinary proceeding before Nevada Supreme Court); *J.P. v. DeSanti*, 653 F.2d 1080 (6th Cir. 1981) (allegations of general bias on part of judges were insufficient to satisfy federal court that state court system had been rendered incompetent to decide plaintiff's federal claims); *Dostert v. Neely*, 498 F. Supp. 1144 (D.W. Va. 1980) (errors or mistakes by a state trial court are not "extraordinary circumstances" within the exceptions to the *Younger* rules). Here, Bradley has not in her complaint asserted or shown any facts that would implicate exceptions to the *Younger* abstention doctrine.

Bradley is the subject of a pending state court criminal prosecution, and enjoining that prosecution would violate the *Younger* doctrine as well as general principles of comity and federalism. Because the exceptions to the *Younger* doctrine do not apply, Bradley's state court proceedings should run their full and proper course. Accordingly, Bradley's complaint (**doc. #3**) is DISMISSED. The clerk shall close this file.

It is so ordered.

Dated at Bridgeport, Connecticut, this _2nd_ day of June 2008.

                                              /s/ Stefan R. Underhill
                                                Stefan R. Underhill
                                                United States District Judge